**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **NAVIGATORS INSURANCE COMPANY** )<br>**as subrogee of MCTYRE TRUCKING** )<br>**COMPANY, INC.,** )<br>                                                                  )<br>           **Plaintiff,**                                  )<br>                                                                  )<br>**v.**                                                         )<br>                                                                  )<br>**VERIZON VIRGINIA, INC.,**                  )<br>                                                                  )<br>           **Defendant and**                          )<br>           **Third-Party Plaintiff,**               )<br>                                                                  )     **Case No. 3:11CV061-HEH**<br>**v.**                                                         )<br>                                                                  )<br>**MCTYRE TRUCKING COMPANY, INC.,** )<br>*et al.*                                                        )<br>                                                                  )<br>           **Third-Party Defendants.**            )<br>_____) | |

**VERIZON VIRGINIA'S BRIEF IN SUPPORT OF ITS
MOTION TO ENLARGE THE TIME TO RESPOND TO
THIRD-PARTY DEFENDANT WELLS' MOTION TO DISMISS**

   **COME NOW** Defendant and Third-party Plaintiff Verizon Virginia, Inc. ("Verizon"), by counsel, and pursuant to Local Civil Rule 7, file this brief in support of its motion to enlarge time to respond to Third-party Defendant Hugh Wells' ("Wells") pending motion to dismiss.

**I.   RELEVANT BACKGROUND**

   On June 9, 2011, this Court held the pretrial conference setting the case for trial on October 24, 2011. Although Third-party defendant Wells was aware of the pretrial conference and that service of process was underway on him neither he nor his counsel appeared at the

pretrial conference to participate. At the pretrial hearing the Court was informed that a mediation was scheduled with Magistrate Judge Dennis Dohnal later that day.

All parties participated at the mediation other than Third-party Defendant Wells. Everyone agreed that litigation expenses would generally hinder the ability to reach a reasonable global settlement. Since June 9, 2011 efforts to continuing reaching a settlement have continued. The principal of avoiding litigation costs remains paramount in being able to settle the case.

## II. ARGUMENT

Federal Rule of Civil Procedure 6(b) governs a party's request for a court to extend a deadline. The rule provides that a court may grant an extension "for good cause" if the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). See also United States ex rel. Shaw Envtl., Inc. v. Gulf Ins. Co., 225 F.R.D. 526, 529 (E.D. Va. 2005) ("Under Rule 6(b)(1), a court may for cause shown increase the time period for some act to be done, if a request is made before the expiration of the original time period." (quotations omitted)). A decision to extend time rests within a court's discretion. Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996); 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2007). In most cases, however, "an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Id. See also Banks v. Office of the Senate Sergeant-at-Arms, 222 F.R.D. 7, 17 (D.D.C. 2004) (extending the time for discovery due to party's requests for admission that had "barely missed the deadline."); 1 James Wm. Moore et al., Moore's Federal Practice ¶ 6.06[2] (3d ed. 1997) ("When a party requests an extension before the time period has expired, the district court will be liberal in granting the request.").

In this case, an enlargement of time is warranted. All of the parties have been pursuing a settlement of this action through the mediation efforts of Magistrate Judge Dennis Dohnal. The parties generally agree that incurring costs due to active litigation will hinder the ability of the parties to reach a settlement. In fact, the parties have agreed to an informal stay of all discovery, reached during the mediation session on June9, 2011, for this very purpose. Requiring Verizon to incur attorneys' fees to respond to the pending motion to dismiss at this time will severely impact Verizon's ability to negotiate a settlement. Verizon's counsel has discussed this issue with Magistrate Judge Dohnal.

An extension to respond to Third-party Defendant Wells' motion to dismiss will neither prejudice the parties nor delay judicial resolution of this case.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully move this Court to enlarge the deadline to respond to the pending motion to dismiss by twenty (20) days under Rule 6(b)(1)(A) for good cause shown.

Respectfully Submitted,

VERIZON VIRGINIA, INC.

By Counsel

_____/s/_____
Collin J. Hite, Esquire, VSB #38869
chite@mcguirewood.com
Attorney for Verizon Virginia, Inc.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7791
Fax: (804) 225-5405

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Theodore I. Brenner, Esquire | William Mullin, Esquire |
| Alexander S. de Witt, Esquire | GRAHAM MILLER NEANDROSS MULLIN |
| BRENNER, EVANS & MILLMAN, P.C. | & ROONAN LLC |
| 411 East Franklin Street, Suite 200 | 2350 Broadway |
| P.O. Box 470 | New York, New York 10024 |
| Richmond, Virginia 23218-0470 | Phone: (212) 671-1179 |
| Phone: (804) 644-1300 | Fax: (212) 877-4487 |
| Fax: (804) 644-1354 | wjm@grahammiller.com |
| tbrenner@beylaw.com | |
| adewitt@beylaw.com | |

*Counsel for Plaintiff Navigators Insurance Company and Third-Party Defendants Andrew J. Souza and McTyre Trucking Company, Inc.*

| | |
|---|---|
| James P. Magner, Esquire | Clint W. Verity, Esquire |
| Leiser, Leiser & Hennessy, PLLC | Bucci & Dix |
| 8229 Boone Blvd., Suite 310 | 10710 Midlothian Turnpike, Suite 304 |
| Vienna, VA 22182 | Richmond, VA 23235 |
| Phone: (703) 734-5000 | Phone: (804) 897-3950 |
| Fax: (703) 734-6000 | Fax: (804) 379-0173 |
| jpmagner@leiserlaw.com | cverity@buccidix.com |
| *Counsel for Third-Party Defendant* | |
| *McKee Oversize Load Escorts, LLC* | *Counsel for Third-Party Defendant* |
| | *Hugh Wells* |

                                               /s/
                                 Collin J. Hite, Esquire, VSB #38869
                                 chite@mcguirewood.com
                                 Attorney for Verizon Virginia, Inc.
                                 McGuireWoods LLP
                                 One James Center
                                 901 East Cary Street
                                 Richmond, Virginia 23219
                                 Phone: (804) 775-7791
                                 Fax: (804) 225-5405